## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE MILLENNIUM MULTIPLE EMPLOYER
WELFARE BENEFIT PLAN, by and
Through its PLAN COMMITTEE,

                Plaintiff,

                                CIVIL ACTION

v.

                                No. 08-2137-JAR-GLR

DOUGLAS A. FRIESEN,
et al.,

                Defendants.

## MEMORANDUM AND ORDER

Pending before the Court are three Motions for Leave to Appear Pro Hac Vice (docs. 5, 8 and 10). In these motions, attorneys John L. Malesovas, Anthony L. Vitullo, and David H. Martin respectively seek leave to be admitted pro hac vice to practice in this court on behalf of Defendants. Plaintiff Millennium opposes the motions, arguing that the attorneys who seek to be admitted on behalf of Defendants have a conflict of interest in this action in that they also represented one of the voting members of Plaintiff Millennium's plan committee at the time this action was filed.

In the District of Kansas, motions for leave to appear pro hac vice are governed by D. Kan. Rule 83.5.4.  Under subsection (a) of that rule, upon motion by a member of the bar of the District of Kansas, accompanied by affidavit by the attorney seeking admission and payment of a registration fee, an attorney who is not admitted to practice before this Court may be admitted for purposes of a particular case only.[1]   By applying for admission pro hac vice, the attorney consents to the

---

[1] D. Kan. Rule 83.5.4(a).

exercise of disciplinary jurisdiction by this court over any alleged misconduct that occurs during the progress of the case in which the attorney so admitted participates.[2]

Although the admission of pro hac vice counsel is common and routine, there are no national standards on either admission or disqualification of pro hac vice counsel.[3] The question of admission or disqualification of counsel in federal district courts is governed by that district's rule-making power over the conduct of their business.[4] Admission to practice pro hac vice is a privilege and not a right.[5] The decision whether to grant pro hac vice status to an out-of-state lawyer is purely discretionary.[6]

The Court has generally granted motions for leave to appear pro hac vice, if all the requirements of the local rule have been met. It has reviewed the three Motions for Leave to Appear Pro Hac Vice in this case, as well as the Affidavits in support. It finds that the requirements of D. Kan. Rule 83.5.4 have been met to allow admission of these attorneys for purposes of this case. Accordingly, the Court will sustain the motions for admission.

This ruling does not determine, however, the issue of disqualification that Plaintiff Millennium has raised. Some courts have treated a response in opposition to a motion for admission

---

[2] D. Kan. Rule 83.5.4(c).

[3] *Obert v. Republic W. Ins. Co.*, 190 F. Supp. 2d 279, 298 (D.R.I. 2002).

[4] *Id.;* 28 U.S.C. § 2071.

[5] *Leis v. Flynt*, 439 U.S. 438, 441 (1979).

[6] *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 277 n.2 (1985) (citing *Leis*, 439 U.S. at 442).

pro hac vice as a motion for disqualification of the attorney.[7]  The Court will apply that procedure here.  Accordingly, it will treat Plaintiff's Response in Opposition to Motions for Leave to Appear *Pro Hac Vice* of John L. Malesovas, Anthony L. Vitullo and David H. Martin (doc. 15) as a motion to disqualify the three named attorneys.  The Court will also consider the Reply to Opposition to Motions to Appear Pro Hac Vice (doc. 17) and the Surreply of the Millenium Multiple Employer Welfare Benefit Plan in Opposition to the Motions for Admission Pro Hac Vice of John L. Malesovas, Anthony L. Vitullo and David H. Martin (doc. 22) in ruling upon the motion for disqualification.

**IT IS THEREFORE ORDERED THAT** the Motions for Leave to Appear Pro Hac Vice (docs. 5, 8, and 10) are sustained.  Attorneys John L. Malesovas, Anthony L. Vitullo, and David H. Martin hereby are admitted to practice in the United States District Court for the District of Kansas on behalf of Defendants for purposes of this case only.

**IT IS FURTHER ORDERED THAT** Defendants' request for a hearing on sanctions under Rule 11 regarding Plaintiff's abusive conduct is overruled.

Dated in Kansas City, Kansas on this 30th day of October, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[7]*See NAACP v. N. Hudson Reg'l Fire & Rescue*, Civ. A. No. 07-1683, 2008 WL 792613, at *1 (D.N.J. Mar. 25, 2008) (treating opposition to motion for pro hac vice admission as motion to disqualify counsel); *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.,* 945 F. Supp. 1470 (D. Colo. 1996) (treating opposition to motions for pro hac vice applications as motion for disqualification of counsel); *Quark, Inc. v. Power Up Software Corp.*, 812 F. Supp. 178, 179 (D. Colo. 1992) (converting plaintiff's objection to a motion to admit out-of state counsel pro hac vice into a motion to disqualify because it be would futile to admit counsel only to have them disqualified for a conflict of interest).

4